RILEY, Respondent, vs. RILEY and others, imp., Appellants.

*December 11, 1889 — January 7, 1890.*

*Mutual benefit insurance: Appointment of beneficiary: Revocation by death: By-laws construed.*

The by-laws of a benefit association provided that at the death of a member his widow or designated heirs should receive a certain sum.   A member's certificate provided that the benefits accruing thereunder should be paid to his wife E., or to such other person as might be entitled to receive the same.   E. died, and the member subsequently married the plaintiff, whom, on his death, he left surviving.   *Held,* that the benefits under the certificate were payable to the plaintiff, and not to the children of the member by E., his first wife.   *Given v. Wis. O. F. M. L. Ins. Co.* 71 Wis. 547, followed.

APPEAL from the Circuit Court for *Dodge* County.

The action was brought by *Hannah Riley* against the Masonic Benefit Association of Wisconsin to recover the sum of $1,000, alleged to be due to her from said association on the death of her husband, Robert Riley. The said association paid into court the said sum of $1,000, and thereupon the children of Robert Riley by his first wife were made defendants, and the action was dismissed as to the association. The defendants thus brought in claimed that they were entitled to the money. The court found in favor of the plaintiff, and rendered judgment accordingly. The defendants appealed. Other facts are stated in the opinion.

The cause was submitted for the appellants on the brief of *Finches, Lynde & Miller* and *E. P. Smith,* and for the respondent on that of *Lander & Lander.*

COLE, C. J. We think the judgment in this case is correct, and must be affirmed. It is admitted that the insured, Robert Riley, at the time of his death was a member of the benefit association in good standing and not delinquent. He was entitled to all the rights and benefits of the association. He had taken a certificate of insurance payable to his wife, Elizabeth Riley, or to such other person as might be entitled to receive the insurance. The beneficiary died, leaving her husband surviving, and the defendants, her children by said Robert. In November, 1886, Robert married the plaintiff, and died in June, 1888, intestate. The question is, Who is entitled to the insurance money,— the plaintiff, who is his widow, or the children by his first wife?

The answer to this question depends upon the by-laws of the association. By article II of the by-laws it is provided that the business and object of the association are or should be to afford financial aid and benefit to the widows, orphans, and heirs of deceased members, or to such other persons as

might be designated by the insured member, who might be approved by the board of directors. By sec. 5, art. VI, of the by-laws, it is further provided that, at the death of a member, his widow or designated heirs should receive the specified sum within sixty days after satisfactory proof of such death.

In this case Riley made no change as to the beneficiary named in the certificate, but died leaving the money to go according to the terms of the by-laws. The by-laws clearly gave it to the widow. It is so expressly stated, but the counsel for the appellants contends that the word "widow" in the by-laws was intended to refer to, and does actually mean, the first wife, if she survived her husband, where no other person as beneficiary was designated. We can perceive no valid reason for giving such a construction to the by-laws. Undeniably the plaintiff is Riley's widow, and it is the widow who is to have the avails of the policy, where the insured has given no other direction as to the person to whom it is to be paid. The declared object of the association is to afford financial aid to the widows and orphans; and the second wife, having lost her husband, may be, quite likely would be, as meritorious a person for assistance as the first wife, left a widow. Suppose the husband had survived both wives, having no children by the first wife, but leaving children by the second. Could it be claimed with any reason that these children would not be entitled to the insurance money? It might be argued with as much consistency that it was not intended the insurance should be paid to them, as it is now insisted that it should not be paid to the widow by a second marriage. Such a refinement upon language is not to be indulged in in the construction of these policies, which are usually drawn up by business men who use language in its common meaning. The by-laws certainly designate the widow as the person who is to have the benefit of the insurance, where no other direc-

tion is made by the insured, and the term certainly includes the widow by a second marriage.   It is said that it is hardly to be conceived that the husband, having the power of changing the beneficiary, did not exercise that power and change the beneficiary named in the certificate.   But we must presume that he was familiar with the rules and by-laws of the association, and knew that, according to them, the insurance would go to his widow, and that this was what he desired.   The inference is that he wished to make no other disposition of the fund, but that his widow should take it.   This is the legitimate inference from his neglect to make a change as to the beneficiary.

The case is really ruled by the decision in *Given v. Wis. O. F. M. L. Ins. Co.* 71 Wis. 547, and it might have been sufficient merely to refer to that case, as ample authority to sustain the judgment of the court below.   The counsel claims that the decision in that case does not rule this, but we see no grounds for a distinction in the cases.   There the by-laws provided that, on the death of a member, " the person designated before death, or his widow, child or children, mother, sister or sisters, etc., or as the case may be, and in the order named," should receive the insurance. By the certificate the insurance was to be paid to " Sarah Given, my wife."   Sarah Given died, her husband surviving her.   He made no change as to the beneficiary, but married again.   He afterwards died, leaving the plaintiff as his widow by the second marriage.   He had two children by his first wife, and one by the second.   It was held that the appointment of the first wife as beneficiary was revoked by her death, and that the widow by the second marriage was entitled to the insurance under the by-laws. So here the appointment of Elizabeth Riley as the beneficiary in this certificate was revoked by her death, and the insurance money, under the by-laws, is payable to the plaintiff.   A mere reference to the by-laws is all that is

necessary to show the correctness of this view. At the death of a member, his widow shall receive the specified amount of insurance money. We fail to appreciate the argument by which it is attempted to prove that the plaintiff is not the widow of Robert Riley.

*By the Court.*— The judgment of the circuit court is affirmed.