## MRS. EFFIE HARRIS v. GUY ROY HARRIS ET AL.

### Decided November 7, 1906.

**Benefit Insurance—Death of Beneficiary.**

The constitution of a benefit insurance society (Woodmen of the World) provided that the beneficiaries of insurance certificates of its members should be "his wife, children, adopted children, parents, brothers, sisters or other blood relatives," etc., and that on the death of the member after the death of the beneficiary named and without the designation of a new beneficiary, the benefit should be payable to the member's "next living relation in the order named in this section." The wife who was named as beneficiary having died, the member married again, died without designating a new beneficiary, and left surviving him such last wife, their child, and children of the preceding and of a third earlier marriage. Held, that the surviving widow, as the first relative in the order named in the constitution, was entitled to the benefit to the exclusion of all the children.

Appeal from the District Court of Hill County. Tried below before Hon. O. L. Lockett, of the Eighteenth District, on exchange of districts with Hon. W. C. Wear.

*Thos. Ivy,* for appellant.—The judgment, under the terms of the certificate and constitution of the order should have been in favor of Mrs. Effie Harris. Mattison v. Sovereign Camp, Woodmen of the World, 60 S. W. Rep., 897; Eversburg v. K. of Maccabees, 1 Law Journal, 708; United Moderns v. Colligan, 2 Law Journal, 320; Travellers Protective Association v. Dewey, 2 Law Journal, 656.

*Morrow & Smithdeal,* for appellees.—The insured, having designated his wife, Mattie Harris, as his beneficiary, and she having died before the death of the insured, and the insured having made no new designation of a beneficiary, his next living relations in order named in section 3 of the constitution were the children of deceased, and the fact that the insured subsequently married another wife could not deprive said children of the benefit of said policy.

The court should carry out the manifest intention of the insured that his children and not appellant, should receive the proceeds of the policy in question. Duvall v. Goodson, 79 Ky., 228; Continental Life Insur-

ance Co. v. Palmer, 42 Conn., 60; Supreme Council v. Bensford, 56 S. W. Rep., 172; Order of Columbus v. Fuqua, 60 S. W. Rep., 1020; Hanna v. Hanna, 30 S. W. Rep., 820; Mattison v. Woodmen, 60 S. W. Rep., 897.

FISHER, CHIEF JUSTICE.—This action is by appellees as the children of W. C. Harris by former marriages, against the appellant, Mrs. Effie Harris, the surviving wife of W. C. Harris, and Catherine Harris, minor child of that marriage, to recover and determine the rights of the parties to the proceeds of a policy of insurance on the life of W. C. Harris, in the fraternal insurance order known as the Woodmen of the World. The insurance company raises no contest and admits liability. Judgment was rendered in favor of the children against appellant as surviving wife. Facts are as follows:

It was admitted that plaintiffs Guy R. Harris, Pansy Edith Harris and Margaretta Stella Harris are children of W. C. Harris and his deceased wife, Mrs. Mattie Harris, that they are minors and that H. P. Harris is the legal and qualified guardian of their estate; that Leo Perry Harris and Winford Cornelius Harris are minors without guardian, and are children of said W. C. Harris by a wife prior to said Mrs. Mattie Harris; that Jay Spivey is the legally qualified administrator of the estate of said W. C. Harris. That Mrs. Effie Harris is the surviving wife of said W. C. Harris, and that Catherine May Harris is the child of said W. C. Harris by his last and surviving wife, Mrs. Effie Harris. That the Sovereign Camp of the Woodmen of the World is a duly incorporated corporation under the laws of the State of Nebraska doing business and having its agent in Hill County, Texas; that said Woodmen of the World, defendant corporation, is a fraternal insurance order, of which said W. C. Harris while living and from the date of his certificate of insurance with said corporation, to wit, August 9, 1898, and till his death, was a member in good standing and that all the time he was such member he had fully complied with all the requirements of the bylaws and constitution of said order commonly known as the Woodmen of the World; that on August 9, 1898, said order of the Woodmen of the World issued to said W. C. Harris a certificate of insurance in the sum of $1,000, which was accepted by him, in words and figures as follows, to wit:

Number 26504,                                          Amount $1,000
Age 32.

Sovereign Camp Woodmen of the World.

"This certificate issued by the Sovereign Camp Woodmen of the World by its authority, witnesseth: That sovereign W. C. Harris of Acquilla Camp No. 583, located at Aquilla, State of Texas, is, while in good standing as a member of this fraternity, entitled to participate in its beneficiary fund to the amount of $1,000, payable at his death to his wife, Mrs. Mattie Harris by this Sovereign Camp; and there shall also be paid the sum of $100 for the placing of a monument at his grave; this certificate is issued and accepted subjected to the conditions on the back hereof, and those named in the constitution and laws of this Fraternity, and shall be forfeited if said sovereign does not comply with said conditions, constitution and laws, and such bylaws as are now in force or may

hereafter be enacted by the Sovereign Camp, or the camp of which he is a member at the date of his decease. This certificate shall be incontestable after one year from date hereof on the grounds of irregularities or omissions in the application, examination or introduction provided the member to whom same is issued shall have complied with all its other requirements.

"In witness whereof we have hereunto affixed our official signatures and impressed the seal of the Sovereign Camp. Done at Omaha, State of Nebraska, this 18th day of July, A. D. 1898.

J. T. Yates, Sovereign Clerk,

J. C. Root, Sovereign Commander.

He has made all payments required and has been introduced as a member of this camp; signed this 9th day of August, A. D. 1898. B. Novich, Clerk, M. L. Wiginton, Counsel Commander, Aquilla Camp No. 583, State of Texas. If this camp is under the supervision of a provisional head consul, then the following shall be countersigned by him. Done at Atlanta, State of Georgia, this 21st day of July, A. D. 1898, J. B. Frost, Provisional Head Consul."

Said certificate was duly sealed with the official seal of the Sovereign Camp Woodmen of the World and the official seal of the Aquilla Camp, No. 583, Woodmen of the World.

It was admitted that from the time of the issuance and acceptance of said certificate of insurance up to and inclusive of the time of the death of the member to whom same was issued, to wit: said W. C. Harris, the following provisions were contained in the constitution of the Fraternity, that is, the Sovereign Camp, Woodmen of the World, the defendant company which issued said certificate, to wit:

In section 3 of said constitution the following is provided among the objects of said fraternity: To create a fund from which on a reasonable and satisfactory proof of the death of a beneficiary member who has complied with all the requirements of the order there shall be paid a sum not to exceed three thousand ($3,000) dollars to the person or persons named in his certificate as beneficiary or beneficiaries, which beneficiary or beneficiaries shall be his wife, children, adopted children, parents, brothers, sisters or other blood relatives or to persons dependent on the member.

It was admitted that it was provided also in said section three of the constitution of said defendant insurance fraternity as follows, to wit: "The name or names of the beneficiary or beneficiaries shall be written in every beneficiary certificate issued. In case such benefits are payable to one of the relations named herein, who shall at the time of the death of a member be also deceased, and no new designation has been made as hereinafter provided during life, the benefits shall be due and payable to the member's next living relation in the order named in this section. If there be no such relative surviving, then said benefits shall be forfeited to and remain in the beneficiary fund."

It was admitted that said W. C. Harris during his life made no new or other designation of any beneficiary of said certificate, which he might have done as provided in section 63 of the constitution and laws of said insurance fraternity issuing said certificate, wherein it is provided as follows: "Should a member desire to change his beneficiary or beneficiaries

he may do so upon the payment to the Sovereign Camp of a fee of one dollar, which sum, together with his certificate, he shall forward to the Sovereign Clerk, with his request written on the back of his certificate giving the name or names of such new beneficiary or beneficiaries, and upon receipt thereof the Sovereign Clerk shall attach a slip to the face of the certificate on which he shall write the name or names of the new beneficiary or beneficiaries and return the same to the member." It was admitted that Mrs. Mattie Harris named as beneficiary in said certificate was the wife of said member W. C. Harris at the time same was issued to said W. C. Harris and accepted by him; that said Mrs. Mattie Harris died in August, 1899; that said W. C. Harris and the defendant Mrs. Effie Harris were legally married on August 21, 1900, and that on October 11, 1903, said W. C. Harris died, leaving Mrs. Effie Harris as his surviving wife, and Catherine May Harris as their only child.

It was admitted that all necessary proof of death, etc., of said W. C. Harris was made and furnished to the defendant insurance fraternity, as required. It was admitted that W. C. Harris's estate was insolvent.

Under facts as stated judgment below is erroneous. It should have been in favor of appellant, Mrs. Effie Harris. The original beneficiary having died, and the assured failing to make a new designation, the status of relationship existing at the time of the death of the latter would, under the provisions of the constitution of the order quoted, determine to whom the proceeds of the policy should go. The rule of kinship there ascertained places the wife first in order. (Mattison v. Sovereign Camp Woodmen of the World, 60 S. W. Rep., 897.) And upon the death of the husband the assured, no other beneficiary being selected by him, she stands first in order as the one selected as entitled to the proceeds.

Judgment reversed and rendered in favor of appellant, Mrs. Effie Harris.

*Reversed and rendered.*