**ANDERSON et al. v. GRAND LODGE, UNITED BROTHERS OF FRIENDSHIP OF THE STATE OF TEXAS. (No. 7910.)**

(Court of Civil Appeals of Texas. Galveston. April 22, 1920.)

1. Pleading ⟫214(1)—Demurrer admits facts alleged.

Demurrer to the petition admits the facts alleged to test their sufficiency.

2. Insurance ⟫770—Death benefits payable to member's sister, his residuary legatee.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, providing that the benefits of a fraternal order shall be confined to wife, husband, relative by blood to the fourth degree, and so on, expressly limiting privilege of both member and of society with reference to designating beneficiaries to classes named, death benefit under fraternal certificate payable to estate of member who had revoked a prior certificate *held* payable to his sister as his sole residuary legatee, the others having renounced.

Appeal from Harris County Court; W. E. Monteith, Judge.

Suit by Cora Anderson and another against the Grand Lodge, United Brothers of Friendship of the State of Texas. From judgment for defendant, plaintiffs appeal. Reversed and remanded.

M. H. Broyles, of Houston, for appellants.

GRAVES, J. • Appellant Cora Anderson, joined by her husband, sued the appellee upon a fraternal benefit certificate for $500, claimed to have been duly issued by it on August 1, 1917, to and upon the life of J. B. Bell, payable to his estate as the named beneficiary. She alleged that Bell, who at and prior to that time was a member of the appellee order in good standing, having paid all its charges against and met all its requirements of him as such, died November 4, 1917, leaving a will by which he bequeathed the re-

mainder of his estate, after his debts and specific bequests had been provided for, to herself and certain other named relatives, all of whom came within the classes that can be named as beneficiaries both under the statutes of Texas and the laws of the order; that she was his sister, and that all his other residuary legatees had in open court relinquished any right they might have thereto, leaving herself as the sole claimant under the certificate sued upon; that he had otherwise left ample assets with which to care for all his debts and special bequests, whereby the fund sued for had become a part of his residuary estate, and accordingly subject to distribution as such; section 1, article 7, of the laws of the order specially providing that benefits should be paid to "such person as may be designated by the member in his or her last will."

It was further averred that Bell had, in full compliance with all the laws and requirements of the order, revoked a prior certificate it had issued to him, in which another beneficiary had been named; that he "had done every act and thing required of him by the constitution and by-laws to effectuate a change of beneficiary, and the defendant society had done all its laws required it to do to effectuate a complete revocation of a former benefit certificate held by the member in the same benefit society and to put in complete force and effect the benefit certificate in controversy."

The appellee, a fraternal benefit society under the laws of Texas, among other defenses not material here because not passed upon below, demurred to this petition on the ground that neither the laws of Texas nor of the order itself permitted the estate of a member of such an association to be named as the beneficiary under its certificate, as the averments excepted to declared had been done here. This objection was sustained by the court, and the suit dismissed, from which judgment the Andersons appeal.

[1] We think the court erred, and that the facts so alleged, which must in testing their sufficiency under the demurrer be taken as true, stated a good cause of action. It is true that the statute applicable—that is, article 4832, Vernon's Sayles' Statutes of 1914—does not authorize the payment of such death benefits to the estate of a member, but provides that they shall be confined to the "wife, husband, relative by blood to the fourth degree," and so on, further expressly limiting the privilege of both the member himself and of the society in its laws with reference to designating beneficiaries to the classes named. On the other hand, however, there is neither inhibition against his right to choose one of the classes named in the statute above another, nor requirement that the order there given be observed, and where, as under the facts here, the practical result, independent of what may be conceded to be an improper designation, is to confer the benefit upon those expressly eligible under terms of the statute to receive it, no reason is perceived for holding the certificate itself ineffective for that purpose.

The laws of this society in so providing that its benefits should be paid "to such person as may be designated by the member in his or her last will" could not, of course, be given such effect as to trench upon the terms of our statute, but when the statute leaves to the member the right to prefer one among the classes it enumerates, and he merely does that and nothing more by the disposition made of his residuary estate through his will, there seems to us to result no breach of the laws of either authority.

[2] In other words, the certificate running to the member's estate should not, in these circumstances, we think, be held to be wholly void and of no effect at all, especially in view of the above-quoted positive averment that all prerequisites to an effective change of beneficiaries had been complied with. In the case of Grand Lodge, etc., v. Mackey, 104 S. W. 907, it was held that the member in such an association had the undoubted right, with the assent of his lodge, to revoke his former designation of a beneficiary to such extent as to completely destroy the right of any claimant thereunder, and that whether or not he designated another at all, or merely, in attempting to do so, named one who could not occupy that position under the laws of Texas, under such conditions the matter would stand just as if the insured had failed in the first instance to designate any eligible person, and the benefit would pass to those entitled to it under the statute in the order there named, the court quotes a statement of what it regards as the correct rule from the case of Alfsen v. Crouch, 115 Tenn. 352, 89 S. W. 329, where it is said that, when the first certificate is so canceled, the claimant under it wholly ceases to have any interest in the insurance, and it thereupon becomes entirely immaterial to him as to what is thereafter done with or about it.

Applying that rule to this case, if the former selection of a beneficiary here was—as a result of the acts alleged to have been done with reference to effecting a change—in both legal and practical effect entirely done away with, no claim emanating from that source could stand in the way of one under the new certificate declared upon by these appellants.

What then became of the $500 benefit here involved? Did it pass, as the court in the Mackey Case said it should there, to those named in the statute referred to in the order specified? We think not in this instance, because at this point the facts presented by the two cases are at right angles: There no new beneficiary, eligible under the law, was designated, while here precisely that was alleged to have been done.

These excerpts are taken from the court's opinion in the *Mackey Case,* under italics of our own to indicate the different application that must needs be made here of the principle there stated:

"It is clear that the classes named in the statutes, in the order named, are entitled to the benefits of the certificate of insurance in a fraternal beneficiary association *when there is no designation of a beneficiary by the insured.* He has the right to choose a member of either class named in the statute as the beneficiary; but, *in case he fails to name one of them,* the benefit must be paid to those entitled to it under the statute in order of precedence named in the statute. * * *

"Upon the surrender of the policy to the Grand Lodge, and the failure to designate any person who could, under the law, receive the benefit of the insurance, the matter stood just as it would had the deceased failed in the first instance to designate any eligible person to whom the money, at his death, should be paid. If Lelia Curry was his affianced wife when he died, and there was no relative to take precedence over her, she would be entitled to the money, and the cause should be tried upon those issues alone. Appellee does not claim to belong to either class of persons designated in the statutes or the rules of the benefit association, and it is not apparent upon what ground he recovered in the court below."

If, therefore, Bell's prior certificate was revoked, and he subsequently, in a manner not violative of either the laws of Texas or of the society—that is, through his will—designated another beneficiary, its benefits would pass to the latter. That would seem necessarily to follow, unless it could be said that Bell was legally unable through his will, effective only after his death, to do what he undoubtedly might have while living—that is, for such reason as seemed to him sufficient—to change his beneficiary.

It is apparent from these conclusions that we think the judgment should be reversed and the cause remanded. That order will be entered.

Reversed and remanded.