## APPLEBY v. GRAND LODGE, SONS OF HERMANN. (No. 6464.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1920.)

1. **Insurance ☞778—Second wife held entitled to death benefit, where wife named as beneficiary obtained divorce.**

Under Rev. St. 1911, art. 4832, confining the payment of benefits by fraternal societies to the wife, husband, relatives by blood to the fourth degree, etc., and the laws of a fraternal order similarly providing, and also providing that, where the beneficiary died and there was no other designation, the benefit should be paid, first to the husband or wife, then to the children, etc., where a wife named as beneficiary obtained a divorce, and the husband remarried and did not change the beneficiary, the second wife was entitled to the death benefit.

2. **Insurance ☞778—Classes entitled to benefits, in absence of beneficiary, in order named in statute.**

Under Rev. St. 1911, art. 4832, confining the payment of benefits by fraternal societies to the wife, husband, relatives by blood to the fourth degree, etc., the classes named are entitled to benefits in the order named, when there is no beneficiary designated.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Lula Appleby against the Grand Lodge, Sons of Hermann. From an adverse judgment, plaintiff appeals. Affirmed.

Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellant.

Horace E. Wilson and Chambers & Watson, all of San Antonio, for appellee.

FLY, C. J. This case comes to this court on an agreed statement of facts under the law providing therefor. The agreed facts are, with unnecessary verbiage removed:

"On September 5, 1915, the Grand Lodge of the Order of the Sons of Hermann issued to John A. Appleby certificate No. 21298, in the sum of $1,000, said certificate being payable to his wife, Lula Appleby, and this beneficiary was never changed in the certificate. Prior to his

death, Lula Appleby obtained a divorce from John A. Appleby, and, because of said divorce, she being divorced from the said John A. Appleby at the time of his death, the said Lula Appleby cannot recover any portion of the said $1,000. After the divorce, which was granted on the 10th day of February, 1917, John A. Appleby married Olga Appleby on the 22d day of October, 1917, and on the 5th day of February, 1919, the said Olga Appleby secured a divorce from said John A. Appleby, and on the 19th day of March, 1919, she remarried the said John A. Appleby, who died on the 2d day of May, 1919, leaving the said Olga Appleby as his widow.

Vernon Appleby, Goldie Appleby, Arlene Appleby, and John O. Appleby are children of the said John A. Appleby from his marriage with Lula Appleby, his first wife, and the wife who in the above certificate No. 21298 was named as beneficiary. * * * Lula Appleby, the first wife of John A. Appleby, is still alive.

L. B. Randall, temporary administrator of the estate of John A. Appleby, is not entitled to recover any portion of the aforesaid sum of $1,000.

Whenever the judgment is rendered in this case by the court, a fee of $100 to Mr. Ernest Fellbaum is a reasonable and proper fee, payable to him out of the fund, for filing the bill of interpleader in this case. Lula Appleby is the guardian, duly appointed by the probate court of Bexar county, Tex., of the minor children of herself and John A. Appleby, to wit, Vernon, Goldie, Arlene, and John O. Appleby.

Under the laws of the Grand Lodge of the Order of the Sons of Hermann in the State of Texas, and constitution of the lodges of said order, and charter of the Grand Lodge of Texas it is provided: 'In the event that at the death of a member the person or persons named in the certificate as beneficiaries have died, and no other beneficiary has been designated, the death benefit shall be paid as follows: First, to the husband or wife. If there is no husband or wife, then to the children, share and share alike. Grandchildren shall be entitled to such part to which their parents would be entitled if living; and if there are no children or grandchildren, then to the surviving parent or parents of the deceased member; and if the parents are dead, then to the surviving brothers and sisters. The children of a deceased brother or sister shall be entitled to that part to which their father or mother would be entitled, if living. If there are no such relatives, then the benefit shall be paid to such heirs who are entitled to it under the laws of descent and distribution of the state of Texas.'

The charter of the said Order of the Sons of Hermann in the State of Texas provides in section 2: 'This private corporation, composed of the individuals aforesaid and their associates, under the name and style aforesaid, is formed for the purpose of enabling the members thereof to extend pecuniary relief to each other mutually in sickness and distress, and in case of death to insure pecuniary benefits to the wife, husband, relatives by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member. * * * No beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the member.' * * *

That Lula Appleby, the divorced wife of John A. Appleby, deceased, is not a dependent person upon John A. Appleby, or was not during his lifetime after her divorce, within the meaning of section 2 of the charter of said organization.

Section 1, article 1, of the laws of the said Grand Lodge of the Order of the Sons of Hermann in the State of Texas further provides that the member, in naming such beneficiary, must be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member.

The above quotations from the laws of the Grand Lodge of the Order of the Sons of Hermann were in force at the time of the death of John A. Appleby.

This cause is submitted to the court as an agreed case under the above statement, in accordance with Revised Statutes, art. 1949, and the sole question for determination is whether Mrs. Olga Appleby, the widow of the deceased, John A. Appleby, is entitled to the aforesaid sum of $1,000, deposited in this cause, less the sum of $100 to be paid to Ernest Fellbaum, Esq., for filing the bill of interpleader, or whether said sum, less the amount of $100 to be paid to Ernest Fellbaum, Esq., should be paid to the minor children of John A. Appleby, to wit, Vernon, Goldie, Arlene, and John O. Appleby, as legatees under the will of John A. Appleby, or whether said sum of $1,000, less the amount of $100 to be paid to Ernest Fellbaum, Esq., should be paid one-third to Olga Appleby, the widow, and two-thirds to the five children of John A. Appleby, above named, share and share alike, under Revised Statutes, art. 2462.

It is further agreed that, after the death of John A. Appleby, his widow, Olga Appleby, gave birth to a son on the 7th day of October, 1919, the said child being named Reuben F. Appleby."

John A. Appleby left a will, in which he bequeathed his property to his four children, except $1,000 to his·mother. The by-laws of appellee require the designation of a beneficiary in the benefit certificate, and in case of the desire to change the beneficiary formal application must be made in writing as prescribed by appellee. The court rendered judgment that Olga Appleby, the second wife, recover the $1,000, less $100 paid Ernest Fellbaum attorney at law for interpleading for appellee.

[1] It is provided in article 4832, Revised Statutes of Texas, that the payment of benefits of fraternal benefit societies shall be confined to wife, husband, relative by blood to the fourth degree, etc., and that within those restrictions each member shall have the right to designate his beneficiary, and from time to time change the beneficiary, in accordance with the laws, rules, or regulations of the society. It is specially provided that—

"No beneficiary shall have any or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member."

The charter of the society substantially follows the statute as to beneficiaries. The by-laws also provide for the payment of beneficiaries in case of the death of the beneficiary named in the certificate. No provision is made in statute, charter, or by-law for the payment of the benefit in case of the named beneficiary being removed, except by death, from the list of those eligible to receive the benefit.

There is apparently a conflict of state decisions in regard to whether a divorced wife, who before the divorce was named as a beneficiary, should, in case of a failure of the divorced husband to name another beneficiary, be entitled to receive the benefit of the certificate. In the case of White v. American Yeomen, 124 Iowa, 293, 99 N. W. 1071, 66 L. R. A. 164, 104 Am. St. Rep. 323, 2 Ann. Cas. 350, the facts were very similar to the facts of the instant case, the husband having designated his wife by name as the beneficiary, and a divorce afterwards having taken place, and the husband having married again and then died. The court held:

·"A married woman, named as beneficiary in a policy of insurance on the life of her husband, is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death."

Several cases were cited as authorities, as well as Bacon on Benefit Societies. Bacon states, however, that the status of the divorced wife must depend upon the language of the statute under which the society is chartered. Sections 253–255.

It has been held, however, by other courts, that a divorced woman is neither wife nor widow, as these words are used in a statutory designation of classes, and cannot recover the proceeds of the certificate. Tyler v. Odd Fellows, 145 Mass. 134, 13 N. E. 360; Dahlin v. Knights of Maccabees, 151 Mich. 644, 115 N. W. 975; Green v. Green, 147 Ky. 608, 144 S. W. 1073, 39 L. R. A. (N. S.) 370, Ann. Cas. 1913D, 683; and other cases cited in footnotes by Joyce in his work on Insurance, § 818. In the case of Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189, it was held:

"When the person designated to receive the insurance is held by the law incapable of taking it for his own use, on grounds of public policy it will be entirely consistent with the manifest purposes of the order to make the same disposition of the money that would have been made if he had been dead."

Appellant admits that the divorced wife was incapable under the law to take the insurance money for her own use, and it would seem, under the decision just cited,

that the same law would apply as though she were dead. In such case, if the member had died before a second marriage, undoubtedly the children would have been entitled to the insurance money; but the member married again, and, when he did so, the second wife would move into the place made vacant by the divorce of the first wife, and upon death of the member, without designating a beneficiary, the second wife would under the statute be entitled to the benefit insurance.

The Schonfield-Turner Case was followed in the case of Hatch v. Hatch, 35 Tex. App. 373, 80 S. W. 411, in which it was held:

"A wife's interest in a policy on her husband's life ceases upon obtaining a decree of divorce, and it is immaterial whether or not it was his fault that caused the divorce."

These cases, as well as numerous others, thoroughly establish the doctrine that, under the terms of statutes like those of Texas, the divorced wife can have no benefit from a policy in a fraternal benefit society, although designated as beneficiary and no other beneficiary has been substituted for her by her divorced husband. While this proposition is definitely settled, there arises another question as to whom the benefit should go in case of a second marriage by the husband and a failure on his part to designate another beneficiary.

No statute has been brought to our notice, except that of Texas, in which the word "wife" is used instead of that of "widow," and no decisions have been found, except as to widows. It is clear that wife and husband are inaccurately used in the Texas statute, for the apparent reason that it is a death benefit that is to be paid, and widow and widower would be more accurate, as the marriage relation would be fully dissolved by death. In Bacon on Benefit Societies, § 243, the case of Masonic Mut. Relief Ass'n v. McAuley, 2 Mackey (D. C.) 70, which is not accessible to this court, is reviewed, and that review would sustain the judgment of the trial court. In that case the designated beneficiary had died, and the insured had married a second wife and died without designating another beneficiary, and a contest arose between the legal representatives of the first wife and the widow. The court held:

"The fund is to go to some one of these parties. They are mentioned disjunctively; the money is to be paid to the widow, or the orphans, or the heir, or the assignee or legatee. Now, that means one of two things: Either that it shall go to some one of these to be selected by some authority, or else that they are to have precedence in the order in which they are named. But there is no authority provided for or indicated in either the charter or the by-laws by whom any one of these beneficiaries

shall be selected; and therefore our conclusion is that the order in which they are named is the order in which they are to benefit by this fund: First, the widow; if there is no widow, then the orphans; if there is no orphan, then the heir, etc. In this case the question is between the widow and the personal representatives. The latter are excluded entirely by our construction of the by-laws, and therefore the decree will be that the widow shall take the fund."

To the same effect is the Wisconsin case of Riley v. Riley, 75 Wis. 464, 44 N. W. 112, in which it was said:

"The declared object of the association is to afford financial aid to the widows and orphans; and the second wife, having lost her husband, may be, quite likely would be, as meritorious a person for assistance as the first wife, left a widow. * * * The by-laws certainly designate the widow as the person who is to have the benefit of the insurance, where no other direction is made by the insured, and the term certainly includes the widow by a second marriage. It is said that it is hardly to be conceived that the husband, having the power of changing the beneficiary, did not exercise that power and change the beneficiary named in the certificate. But we must presume that he was familiar with the rules and by-laws of the association, and knew that, according to them, the insurance would go to his widow, and that this was what he desired. The inference is that he wished to make no other disposition of the fund, but that his widow should take it. This is the legitimate inference from his neglect to make a change as to the beneficiary."

See, also, Joyce on Insurance, §§ 827-830, and Harris v. Harris, 44 Tex. Civ. App. 152, 97 S. W. 504.

So far as the benefits arising from the policy are concerned, the divorced wife occupies the position of the dead wife, and under the facts of this case appellant, not any one else, had any interest in the insurance money, except the woman who held the relation of wife to the insured when he died. Joyce on Insurance, § 818.

[2] This court has held in Grand Lodge, Knights of Pythias, v. Mackey, 104 S. W. 907, that the classes named in the statutes, in the order named, are entitled to the benefits of fraternal insurance when there is no designation of the beneficiary, and we adhere to that ruling, and, there being no designation of a new beneficiary after the eligibility of the first wife had been destroyed by divorce, the statute and the rules and by-laws of the society make the second wife the beneficiary. The case stands as though no beneficiary had been designated in case of the death of the first beneficiary.

The judgment is affirmed.