### PHILLIPS et al. v. PHILLIPS et al. (No. 6478.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1920.)

1. Insurance ⬅️777—Beneficiary designated as wife, but not so in fact, has no interest under mutual benefit certificate.

Where a mutual benefit insurance certificate designates the beneficiary as insured's wife, but she is not so in fact, she has no interest in the proceeds of the certificate.

2. Insurance ⬅️203—Holder of policy in life insurance company or association may assign or borrow money on it or give it away by parol.

One holding a policy in a life insurance company or association, in the absence of any by-law or rule to prohibit, may assign or borrow money on it, or make it payable to his estate, or he may give it away by parol.

3. Insurance ⬅️784(1)—Parol assignment invalid.

Since the only interest a member in a mutual benefit insurance association has in the certificate is to designate in writing under the rules of the association which one of the class of persons named in the by-laws or recognized by statutory law is eligible to take, he cannot by parol assignment invest another than the named beneficiary with an interest in the proceeds of the certificate.

**4. Insurance ⟨key⟩770—State laws control as to right to proceedings of mutual benefit insurance certificates.**

In a controversy to determine the right to the proceeds of a mutual insurance certificate, the laws of the state control, especially where the association was engaged in business in the state with its members.

**5. Insurance ⟨key⟩773—Rules as to insertion of names of beneficiaries under mutual benefit insurance certificates must be strictly followed.**

In determining the right to proceeds of a mutual benefit insurance certificate, the rules prescribing the manner in which the names of the beneficiaries are to be inserted in the certificate must be strictly followed.

**6. New trial ⟨key⟩108(3)—Newly discovered evidence as to alteration of fraternal benefit certificate held insufficient to require new trial.**

In a proceeding to determine the right to the proceeds of a mutual benefit insurance certificate wherein it was claimed that the certificate had been altered by the insertion of the name of plaintiff's alleged wife, newly discovered evidence of notary public relating to the original condition of the certificate *held* insufficient to require new trial.

**7. Insurance ⟨key⟩777—Children of insured held entitled to take under mutual benefit policy in case of invalid designation of beneficiary in preference to mother claiming under parol gift.**

In an interpleader to determine the right to proceeds of a mutual benefit insurance certificate, where it appeared that the original beneficiary, who was designated as insured's wife, was not entitled to take because she had another husband living, insured's children *held* entitled to the proceeds under the laws of the association, as well as under the laws of the state as against a claim by insured's mother that an oral gift of half the proceeds had been made to her.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by the Mutual Benefit Department of the Order of Railway Conductors of America to interplead C. S. Phillips and others and Vivian Phillips and others, to determine the ownership of an insurance certificate issued to Charles M. Phillips. Judgment in favor of Vivian Phillips and others, and C. S. Phillips and others appeal. Affirmed.

M. S. Hallam, of San Antonio, for appellants.

J. D. Childs, of San Antonio, and S. L. Staples, of Smithville, for appellees.

COBBS, J. The Mutual Benefit Department of the Order of Railway Conductors of America filed this suit interpleading Mr. and Mrs. C. S. Phillips, Vivian Phillips, a minor under 14 years of age, without a legal guardian, Alemeta Womack, Lillian J. Heckman, Dorothy Nolan Phillips, and Division No. 256 of the Order of Railway Conductors of Smithville, Tex., to determine the ownership of a certificate issued by it to Charles M. Phillips, a member, in the sum of $2,000, No. 9607, payable on the death of said Charles M. Phillips to Dorothy Nolan Phillips, his wife. Charles M. Phillips died on or about the 30th day of November, 1919.

An answer was filed by Vivian Phillips, the minor, by her grandmother, Augusta Biels, as her next friend, and Lillian J. Heckman, a married woman living separate and apart from her husband, who abandoned her. Assured's children, appellees here, claim the proceeds of said certificate of insurance, in an answer filed, and pray judgment for the same.

C. S. Phillips and Susan Phillips, husband and wife, parents of said assured, filed answer claiming and praying that said proceeds be adjudged to them.

Dorothy Nolan Phillips, cited by publication, was represented by J. W. Browne, a practicing attorney, under the appointment of the court.

The case was tried before the court without a jury, the trial resulting in a judgment in favor of appellees, adjudging to them the proceeds of $1,361.04, being amount remaining of the beneficiary certificate, after deducting the expenses and court costs.

[1] In addition to the statement of facts filed, upon request of appellants, the trial court filed his findings and conclusions of law. They were wholly in favor of appellees. The beneficiary certificate was issued to Mrs. Dorothy Nolan Phillips, named therein as his wife, though she was shown not to have been so, because she had a husband then living and living at the time of insured's death, and by reason of which fact she had no insurable interest in his life, and for that reason she is eliminated from any further consideration. Article 27 of the order is as follows:

"In the event that the beneficiary shall not survive the member, or in the event that for any reason the beneficiary is found to be ineligible to such benefit, the proceeds shall be paid to the first named who shall survive the member, as follows:

"(1) To the widow of the deceased.

"(2) To the child or children of the deceased.

"(3) To the father of the deceased.

"(4) To the mother of the deceased.

"(5) To the brothers and sisters of the deceased."

The deceased left no surviving widow, for Dorothy Phillips, the named beneficiary, was not his lawful wife, and hence could not be his widow. Susan Phillips, assured's mother, claims the proceeds: First, because she alleges her name was fraudulently erased from the certificate as a beneficiary by Dorothy Nolan Phillips, without the knowledge or

consent of insured, and hers inserted in lieu thereof; second, because the insured made a verbal gift to her of an undivided one-half interest therein and ever thereafter treated it as hers during the remainder of his life.

There was testimony introduced showing that insured, many times, on various occasions, and on his deathbed stated verbally that he intended and did give to his mother an undivided interest in the insurance, but this so-called gift was nowhere made or shown to have been properly reduced to writing in accordance with the requirements of the order.

On the proposition that Dorothy Phillips, the beneficiary named as the wife, was ineligible under the by-laws of the order, because not the wife, and could not take under the law, see the case of Lula Appleby v. Grand Lodge, Sons of Hermann, 225 S. W. 588, decided by this court on November 23, 1920, opinion not yet [officially] published, from which no petition for writ of error was sued out. It was agreed by both parties in this case, in open court, that it was written in the certificate that the "said mutual benefit payable to Dorothy Nolan Phillips." Hence, under the terms of the by-laws and the laws of this state, she being incapacitated or ineligible to take, the next in order are the children, who are the appellees here. But appellant insists: (a) That Susan Phillips, his mother, had been named as the beneficiary therein, but fraudulently erased therefrom; and (b) there was also made to her by the assured an oral gift or assignment of the policy.

On the first issue it was contended the certificate was fraudulently changed; that the request for change was first written for "2,000 favor of Mrs. Dr. C. S. Phillips, mother" (typewritten). An ink line was drawn through the "2,000," and the name of his mother erased, and the numerals "2,-000" placed in front of the name of Dorothy Nolan Phillips. The name of "Dorothy Nolan Phillips, my wife," was shown to have been written in the handwriting of assured. His alleged intention, it is claimed, was to give the proceeds equally to his mother and so-called wife, but the change by erasure left Dorothy the sole named beneficiary, and because she was ineligible appellant took the whole.

The original certificate was sent up to us for our inspection and bears evidence of erasure. This was passed on by the trial judge, and we do not believe there is any good reason shown to justify us to disturb his finding or to hold, if the name was erased, that it was fraudulently done or against the wishes of assured, since it is admitted the mother's name was typewritten, and Dorothy's by him in ink, evidently at a different time, and presumably the erasure, if any, by him. All this was before the trial court, who has made his deductions and findings adverse to appellant's contention.

Appellant further contends, under the evidence, there was an oral assignment made of one-half to her by the assured during his lifetime, and the title to an undivided half interest therein thereby passed to and became vested in her.

In support of the contention that an oral assignment passed the title to her, appellant cites and relies on Lord v. Life Insurance Co., 95 Tex. 216, 66 S. W. 290, 56 L. R. A. 596, 93 Am. St. Rep. 827, among other authorities, to the effect that the declarations of the assured to prove the delivery, as well as the gift, were admissible for that purpose, and therefore established her title.

[2, 3] One holding a policy in a life insurance company or association, in the absence of any by-law or rule of the company to prohibit, may assign or borrow money on it or make it payable to the estate. It is his to do as he pleases with it within certain limitations. A declaration showing a parol gift of policies in such companies accompanied by a delivery need not be in writing. Such is not the rule, however, in mutual benefit insurance companies and associations. There the only right, title, or interest a new member has in the certificate is to designate which one of the class of persons named in the by-laws or recognized by statutory law is eligible to take, and he is not permitted to name any other. The change in the name of a beneficiary in this order is authorized to be made, but must be made in writing with the consent of the department, upon blanks furnished for that purpose, and it is further provided:

"A written request for change of beneficiary, together with the certificate of membership, must be forwarded to the General Secretary and Treasurer, who shall make such change by notation on the certificate in accordance with such request."

See Shuman v. Ancient Order of United Workmen, 110 Iowa, 642, 82 N. W. 331.

There is no authority cited by appellant that changed this rule in reference to mutual benefit societies or orders. Such orders make their own rules for their own government for the mutual benefit of the members and itself, but reserve the right to and do prescribe the manner in which the beneficiary shall be named; that is, by a written designation in the application controlling the manner in which the beneficiary shall be changed, likewise must be by writing name in the application and the certificate. Obviously to permit an oral designation against such rule would defeat one of its very best and most salutary regulations—to know which one of the persons named as having an insurable interest is to receive benefits. The order in which the beneficiaries take from

mutual benefit associations, in the absence of a written designation, is governed by state laws and by-laws of the association. Any member having no surviving wife to take, but children, then the children take to the exclusion of all others. Appleby v. Grand Lodge, Sons of Hermann, supra;. Anderson et al. v. Grand Lodge, United Brothers of Friendship of the State of Texas, 223 S. W. 237.

[4] It was not necessary to introduce the laws of Iowa or decisions of that state to control the disposition of this fund. The laws of this state control, especially since the association itself was engaged in doing business in this state with its members.

[5] The rules which prescribe the manner in which the names of beneficiaries are to be inserted in the certificate must be strictly followed. Flowers v. Woodmen of the World, 40 Tex. Civ. App. 593, 90 S. W. 526; Gray v. Sovereign Camp, Woodmen of the World, 47 Tex. Civ. App. 609, 106 S. W. 179; Wooden v. Wooden, 116 S. W. 629.

We overrule assignments Nos. 1, 2, 3, and 4.

[6] Appellant's fifth assignment complains of the action of the court in refusing to grant a new trial because of· the alleged undiscovered evidence of Geo. A. Lake, a notary public of Dallas, who administered the oath, ascertained after the trial, that he would testify, in regard to the certificate naming the beneficiary:

"I remember the instrument referred to. When it was sworn to before me I think there was but one beneficiary named in it, and the name of that beneficiary, I think, was written in on typewriter, and not in handwriting."

The parties agreed in open court (and it is not stated in making such agreement there was any mistake of fact) as to the name of the beneficiary. Besides, the contention throughout mainly relied on was that it was an oral assignment. This testimony was not material, it does not pretend to establish the name of the true beneficiary stated therein, or that Lake, if present, would have testified as to the person whose name was written therein or was in fact changed. It shows no diligence whatever to secure the testimony. The certificate gave the name of the notary who took the affidavit, all accessible presumably to appellant in time to have taken his deposition. At any rate there was no showing made that would have justified the court in granting a new trial.

This assignment is overruled.

Assignments 6, 7, and 8 have already been discussed in other places of this opinion and are overruled as without merit.

[7] The ninth assignment, complaining that the court erred in holding the appellees were entitled to the funds under the law of Iowa, is overruled. The court rather broadly held the fund was vested in the children both under the laws of Iowa and Texas, meaning thereby, of course, the laws in both states are identical upon the subject, which recognize the manner in which those who could be named receive as beneficiaries, and are in perfect harmony with the by-laws of the association.

Finding no reversible error assigned, the assignments are all overruled, and the judgment of the trial court is affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes