## C. W. ADAMS v. J. W. McCOWN, JR.

Where the garnishee resided in another county, and a commission was issued to take his answer, which merely required him to answer what he was then indebted to the defendant, and what effects and credits were then in his hands, and the garnishee answered, " I am not indebted to J. W. McCown, Sr.," the defendant, " that I know of, nor have I any of his property or effects in my hands," and the plaintiff regarding this as no answer, moved for judgment against the garnishee, which was refused, it was held that although the commission was defective, yet as the answer was fully responsive to it, there was] no error in refusing to enter judgment against the garnishee.

Appeal from Washington. The commission required the garnishee to be caused to come before the officer to answer under oath, as garnishee as aforesaid what he is indebted to J. W. McCown, Sr., or what effects and credits there are of the said J. W. McCown, Sr., in his hands.

*Giddings & Giddings*, for appellant.

HEMPHILL, CH. J. The appellant having obtained a judgment against Joshua W. McCown, Sr., in Washington county, caused a writ of garnishment to be served on Joshua W. McCown, Jr. residing in McLennan county. The garnishee having failed to appear, a commission was issued requiring the officer to cause the garnishee to come before him and answer what he was indebted to the said J. W. McCown, Sr., or what effects and credits there were of the said J. W. McCown in his hands. The answer of the garnishee was as follows : " I " am not indebted to J. W. McCown, Sr., that I know of, nor " have I any of his property and effects in my hands." The appellant regarding this as no answer to the garnishment,

moved for judgment against the garnishee. The motion was refused, and the cause comes up on appeal.

The only question is as to the sufficiency of the answer of the garnishee. That the answer does not satisfy the requirements of law is manifest. When the garnishee resides in the county where the original suit is brought, he is required to answer upon oath what he is indebted to the defendant or what effects of the defendant he has in his possession, and had at the time of serving of the garnishment, and what credits and effects there are of the defendant in the hands of any other person, and of what person, to the best of his knowledge and belief. (Art. 1337, and 48, Hart. Dig.) Where the garnishee resides in another county, and his answer is taken by commission, (Art. 51, Hart. Dig.) it should be as full as if given on appearance in person. But notwithstanding the answer is defective, the fault is not to be imputed to the garnishee. The answer responds to all the matters required to be answered by the commission. This directs the officer to cause the garnishee to answer what he was indebted to McCown, Sr., and what effects and credits of the debtor there were in his hands. The answer is co-extensive with the matters propounded in the commission, and it was neither the duty of the officer to interrogate further, nor of the garnishee to depose to matters to which he was not interrogated. It was not incumbent upon him, for instance, to answer, as to what effects of the debtor he had in his hands at the time of serving the garnishment, for the reason that the officer was not directed to inquire about any such matter, but only as to the effects and credits which were in his hands.

The answer could not be considered as an evasion or as a nullity. It was responsive to the questions propounded, and the garnishee was not bound to go further.

We are of opinion that there was no error in refusing the motion to enter up judgment as for want of an answer, and the judgment is consequently affirmed.

Judgment affirmed.