WILLIAM BROYLES ET AL. v. LEWIS JERRELLS ET AL.

Delivered October 15, 1896.

**Clerical Error of No Importance—Affidavit for Garnishment.**

In an affidavit for garnishment it was stated that the writ was not sued out to injure "either the defendant of garnishees." Held, that that the word "either" clearly suggested that the word "or" was intended instead of "of," and the trial court erred in quashing the writ of garnishment.

APPEAL from the County Court of Anderson. Tried below before Hon. JOHN F. WATTS.

*P. W. Brown*, for appellants.

[No brief for appellees reached the Reporter.]

GARRETT, CHIEF JUSTICE.—The appellants, as plaintiffs, brought suit against Lewis Jerrells, as defendant, for debt, and sued out a writ of garnishment against W. B. Rogers and the Palestine Real Estate & Investment Company. The latter garnishee was discharged, and Rogers brought in W. B. Robinson, as being the holder of the contract upon which he was indebted.

Appellants' affidavit for garnishment is in the statutory form, except that it concludes "the writ of garnishment applied for is not sued out to injure either the defendant of garnishees," the word "of" being used instead of the word "or" between the words "defendant" and "garnishees." For this defect the court below sustained a motion to quash the writ of garnishment. In this there was error, for the word "either" clearly suggests the word "or" and that "or" was intended instead of the word "of." Corrigan v. Nichols, 6 Texas Civ. App., 26.

The judgment of the court below is reversed.

*Reversed and remanded.*