J. T. McCoslin et al. v. Minnie G. David, Administratrix.

Decided October 28, 1899.

**Garnishment—Replevy Bond—Sureties Liable for the Judgment in Full.**

Plaintiff garnished F., and defendant gave a statutory replevin bond, conditioned for the payment of any judgment plaintiff might recover against F. as such garnishee. In the garnishment action plaintiff recovered judgment against F., the garnishee, for $109, the full amount of her debt, neither defendant nor his sureties being parties thereto. In her subsequent action on the replevin bond the sureties pleaded that the garnishee had never owed the defendant anything, and that, when garnished, he had effects of defendant in his hands of the value of only $20, asking that the judgment against them be limited to that amount.. Held, that they were liable for the full amount of the judgment, and that such defensive matter should have been pleaded in the garnishment action.

Appeal from the County Court of Limestone.  Tried below before Hon. A. J. Harper.

*Doyle & Bradley* and *J. E. Bradley,* for appellants.

*White & Rennolds,* for appellee.

Finley, Chief Justice.—This suit was brought in Justice Court by appellee, Minnie G. David, administratrix, against appellants, J. T. McCoslin as principal, and R. P. Merrill and G. W. Carpenter, as sureties on his replevy bond in garnishment, for the amount of a certain judgment recovered by appellee against the garnishee, Foreman, and on appeal to the County Court resulted in a judgment for appellee for the amount prayed for.

Appellee pleaded the execution of the bond by appellants, conditioned as required by statute, and the recovery of judgment against the garnishee, and that it was unpaid.  Appellants answered, among other things, a general denial, and that at the time the writ was served and afterwards the garnishee did not owe appellant, McCoslin, anything, and did not have in his hands any effects belonging to said appellant. The case was tried by the court without a jury, and resulted in a judgment for appellee for $109.26 and costs, to which action of the court appellants excepted and gave notice of appeal to this court.  Appellants made a motion to reform the judgment so as to make it conform to the value of the effects found by the court to have been in the garnishee's hands belonging to said McCoslin, which was overruled, and appellants also excepted to that order, and have perfected their appeal to this court by giving bond and assigning error.

The trial court filed the following conclusions of fact and law:

"1. Prior to October 4, 1898, J. S. David filed suit in Justice Court, precinct No. 4, of this county, against J. T. McCoslin, on two notes aggregating $94.50, and caused a writ of garnishment to issue and be served upon D. E. Foreman.

"2. On October 4, 1898, J. T. McCoslin filed in said cause a replevy bond with defendants, R. P. Merrill and G. W. Carpenter, as sureties, in the sum of $225, payable to J. S. David, and conditioned as provided by article 225, Revised Statutes of 1895, 'for the payment of any judgment that may be rendered against the said garnishee in such suit.'

"3. J. S. David died, and plaintiff was appointed administratrix of his estate prior to the institution of this suit.

"4. On November 11, 1898, plaintiff obtained a judgment by default against D. E. Foreman in said Justice Court, precinct No. 4, for the sum of $94.56 and costs, together making $109.26, which is unpaid.

"5.  Defendants J. T. McCoslin, R. P. Merrill, and G. W. Carpenter were not made parties to said garnishment suit and were never cited therein, and did not appear therein, and no judgment therein was asked or obtained against either of them.

"6. This suit was instituted in Justice of the Peace Court, precinct No. 3, of this county, by plaintiff against said J. T. McCoslin as principal, and R. P. Merrill and G. W. Carpenter as sureties on said replevy bond, to recover of them the amount of said judgment, and costs, amounting to $109.26 and costs of this suit.

"7. At the time said writ of garnishment was served on said Foreman, and thereafter, he did not owe said McCoslin anything, but he had in his possession corn belonging to McCoslin of the value of $20 only, and cotton belonging to McCoslin of the value of $63.12½ only, and no other effects or property belonging to him."

"The court concludes that plaintiff, having obtained judgment against the garnishee, Foreman, in a court of competent jurisdiction, and the bond being conditioned for the payment of any judgment that might be obtained against the garnishee, the plaintiff should have judgment for the amount of the judgment and costs against Foreman, garnishee, and all costs of this suit, and it is so rendered."

The liability sought to be enforced by this suit is fixed and measured by the terms of the bond.  The obligation assumed in the bond was to pay any judgment which might be rendered against the garnishee in the garnishment suit.  A judgment was rendered against the garnishee in the garnishment suit, and thereupon the condition of the liability of the obligors in the bond happened.  That liability had to be enforced by suit upon the bond, as summary judgment upon the bond in the garnishment suit is not provided for in the statute. Rev. Stats., art. 225; Plowman v. Easton, 15 Texas Civ. App., 304.  But suit upon the replevy bond does not open up the issues involved and determined by the judgment in the garnishment suit.  The statute gives the defendant in the original suit, when he replevies the debt or effects, the right to make any defense to the garnishment suit which the garnishee could make in such suit. But he must make such defense in the garnishment suit and not wait until he and his sureties are sued on their replevy bond.  In a suit upon

such bond neither principal nor his sureties, who are his sponsors, can go behind the judgment and deny the liabilities of the garnishee as determined by the judgment. 1 Shinn on Attach. and Gar., sec. 311.

The judgment is affirmed.

*Affirmed.*