INTERNATIONAL BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYÉS v. DUNCAN et al. (No. 7703.)

(Court of Civil Appeals of Texas. Dallas. April 21, 1917. Rehearing Denied May 19, 1917.)

1. INSURANCE ⬤⟿755(3) — MUTUAL BENEFIT INSURANCE—FORFEITURES—WAIVER.

A mutual benefit insurance association, by receiving money on dues and assessments subsequent to their due date, waived the forfeiture clause of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1909–1913, 1915, 1916.]

2. INSURANCE ⬤⟿785—MUTUAL BENEFIT INSURANCE—FAILURE TO NAME BENEFICIARY— EFFECT.

Where beneficiary under mutual benefit insurance policy died, and the object of the order was to protect the widows and orphans of members, the insured's failure to name another beneficiary did not cause the amount of the policy to revert to the order, where he left children surviving him.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1943, 1974.]

3. INSURANCE ⬤⟿736—MUTUAL BENEFIT INSURANCE—ASSESSMENT—VALIDITY.

Under mutual benefit association's by-laws, empowering the executive committee to make assessments, levying an assessment by means of letters written by members of the committee who lived at widely separated points, was illegal, and the assessments were nonenforceable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1883.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Mrs. W. A. Duncan and others against the International Brotherhood of Maintenance of Way Employés. Judgment for plaintiffs, and defendant appeals. Affirmed.

Chilton & Chilton, of Dallas, and Clyde I. Webster, of Detroit, Mich., for appellant. Cockrell, Gray & McBride, of Dallas, for appellees.

RAINEY, C. J. Appellees instituted this suit against appellant to recover $1,000 on a benefit certificate issued to E. N. Christopher, as a member of the order of International Brotherhood of Maintenance of Way Employés. It was alleged that Christopher had died, and that appellees were his sole heirs, they being his children. Appellant answered by general demurrer and general denial and specially that the policy had been forfeited by nonpayment of dues, and that Mary Christopher, wife, was named beneficiary in said certificate; that she had died before E. N. Christopher, which lapsed the policy and caused its reversion to said order. Appellees, by supplemental petition, denied the allegations in appellant's answer, denied the forfeiture of the policy, that appellant had made illegal and wrongful assessments, and that its sums on hand were more than sufficient to pay valid assessments, etc., and that if assessments were not paid on date when due, appellant had waived same by reason of having received payments after they were due. Appellant filed a supplemental answer denying appellees' supplemental petition, that appellees were estopped to claim any illegality in making assessments, as same were paid without objection, and that same were legally made and acquiesced in. The case was tried by the court without a jury, and judgment rendered against appellant.

### Conclusions of Fact.

Appellant is a beneficent society, and at one time it had an insurance department for the benefit of its members. It issued a benefit certificate for $1,000 to E. N. Christopher, who died January 12, 1913, leaving his children, appellees herein, as his only heirs.

The rules of the order provided for the forfeiture of the certificate if any assessment of dues was not paid at the date same became due. E. N. Christopher at the time of his death had paid all dues owing to appellant, and said policy was in full force, although on various occasions dues and assessments had not been paid at the date due, but were subsequently paid, and the money retained by the society. During the year 1912 there were six illegal assessments paid by Christopher, which, with what he had paid in addition thereto at the time of his death, had overpaid what was due by him. Mrs. Christopher, the wife, named in the certificate as beneficiary, died before E. N. Christopher did. One of the objects of the order was for the protection of the widows and orphans of its members.

### Conclusions of Law.

[1] 1. That, the order having received money on dues and assessments from Christopher subsequent to the date when due, and having retained same, it waived the forfeiture clause of the certificate; therefore Christopher did not stand suspended at the time of his death.

---

Assur. Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625.

[2] 2. Appellees being the children of Christopher and wife, they were entitled to recover by virtue of said certificate; the appellant became liable thereon. The failure of E. N. Christopher to name another beneficiary after his wife's death did not cause the amount of the certificate to revert to the order; he having left his children surviving him, the appellees herein. Grand Lodge v. Iselt, 37 S. W. 377.

[3] 3. The by-laws empowered the executive committee, when they thought necessary, to make assessments, but this was done singly by each committeeman writing to the secretary; the committee living at different points widely separated. We think the committee should have acted collectively, and not separately, and therefore we hold that their action in this respect was illegal and the assessments nonenforceable. 39 Cyc. 307; McLane v. Belvin, 47 Tex. 493; Hart v. Rust, 46 Tex. 557.

The judgment is affirmed.