WASSON v. HARRIS et al. (No. 1438.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 8, 1918. Rehearing Denied March 12, 1919.)

1. GARNISHMENT ⟞97—OBJECTIONS TO WRIT —RIGHT TO URGE.

Where an action was commenced and writ of garnishment issued, the principal defendant, who did not file a replevy bond, cannot, under Vernon's Sayles' Ann. Civ. St. 1914, art. 279, raise objections to the writ which might have been urged by the defendant in garnishment.

2. GARNISHMENT ⟞193—MOTION TO QUASH —GROUNDS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 274, and in view of article 280, *held* that a writ of garnishment should not be quashed where it otherwise conformed to the statute, be-

cause the name of the plaintiff appeared in an interrogatory as to how much the garnishee was indebted, instead of the name of defendant.

3. GARNISHMENT ⬡⟶97—WRIT—AMENDMENT.

Where a writ of garnishment, through a clerical error, contained the name of plaintiff instead of defendant in an interrogatory as to how much the garnishee was indebted, etc., *held* that plaintiff should be allowed to correct the error by amendment, though of course the amendment would not relate back to the date of service of the writ, and only funds belonging to the defendant which the garnishee had in his possession at the date of amendment would be impounded.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by S. E. Wasson against A. F. Luse and R. C. Harris. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Wm. M. Knight, of Hereford, for appellant.

Carl Gilliland and W. H. Russell, both of Hereford, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellees.

HALL, J. Appellant Wasson sued A. F. Luse, to recover an alleged indebtedness of $1,000 and damages in the sum of $1,086. He filed an affidavit for garnishment, praying that a writ of garnishment issue against R. C. Harris. In issuing the writ the clerk of the district court of Deaf Smith county used this language:

"Therefore you are hereby commanded forthwith to summon R. C. Harris, if to be found within your county, to be and appear before the said court, at the next term thereof, to be held at Hereford in said county, on the 6th day of May, 1918, then and there to answer upon oath what, if anything, he is indebted to the said S. E. Wasson, and was when this writ was served upon him, and what effects, if any, of the said A. F. Luse he has in his possession, and had when this writ was served, and what other persons, if any, within his knowledge, are indebted to the said A. F. Luse, or have effects belonging to him in their possession."

[1] Luse, the defendant in the original cause, filed a motion in the garnishment suit to quash the garnishment proceedings: (1) Because it is affirmatively shown by the pleadings in the original cause that plaintiff Wasson's claim is founded on tort and for unliquidated damages; (2) Because the writ of garnishment issued is uncertain, ambiguous, and confusing, in that it commands the garnishee, Harris, to "answer upon oath what, if anything, he is indebted to the said S. E. Wasson," instead of to the said A. F. Luse, the defendant. Plaintiff met this motion to quash by a motion to amend the writ

of garnishment, wherein it is alleged that the insertion of the name S. E. Wasson, where the name A. F. Luse should have appeared, was a clerical error of the clerk, for which he was not responsible. The prayer is that he may be permitted to amend the garnishment by erasing from the writ the name of S. E. Wasson, and inserting in lieu thereof the name of A. F. Luse. It is shown by the court's bill of exception that the writ of garnishment was a printed blank form in the words of the statute, and that the blanks were filled in by the clerk with a typewriter; that in all other particulars, except that mentioned above, the writ conformed to the statutory requirements. The court heard both motions at the same time, denying the plaintiff's motion to amend the writ and sustaining the motion of A. F. Luse to quash. While the issue is not presented in appellant's brief, there is, we think, fundamental error in the record, in that the court considered the motion of A. F. Luse to quash the writ. Luse had not filed a replevy bond. 1 Vernon's Sayles' Civil Statutes, art. 279, provides that "in all proceedings in garnishment where the defendant" replevies the fund and "gives bond" therefor he "may make any defense which" the garnishee "could make in such suit." It is held in attachment proceedings that defects in the affidavit, bond, or writ of attachment cannot be taken advantage of except by the defendant in attachment, and the right to attack attachment proceedings by reason of irregularities or informalities is denied to junior attaching creditors, purchasers of real estate after the levy of an attachment thereon, subsequent lien creditors, claimants of the property, and garnishees. Goodbar, etc., Co. v. City National Bank, 78 Tex. 461, 14 S. W. 851; Barkley v. Wood, 41 S. W. 717; Mallette v. Ft. Worth Pharmacy Co., 21 Tex. Civ. App. 267, 51 S. W. 859; Id., 93 Tex. 667, 55 S. W. xv; Bateman Bros. v. Ramsey, 74 Tex. 589, 12 S. W. 235; Ft. Worth Publishing Co. v. Hitson, 80 Tex. 216, 14 S. W. 843, 16 S. W. 551; Douglass, etc., Co. v. Neil & Co., 37 Tex. 528. We think the same is true of garnishments. 10 Stand. Proc., 531, 532; McCoslin v. McDavid, 22 Tex. Civ. App. 53, 54 S. W. 404; Flemming v. Pye, 43 Tex. Civ. App. 176, 95 S. W. 594.

[2] The error of the clerk in inserting the name of the plaintiff, Wasson, where the name Luse should have been written does not invalidate the writ as a whole. Vernon's Sayles' Civil Statutes, art. 274, provides that, when bond and application for garnishment have been duly made and filed with the judge, clerk, or justice of the peace, such officer shall immediately issue a writ of garnishment, directed to the sheriff, or any constable of the county where the garnishee is alleged to reside, or to be, commanding him forthwith to summon the garnishee to

appear on the first day of the ensuing term of the court out of which the writ issued, to answer upon oath: (1) What, if anything, he is indebted to the defendant, and was when the writ was served; and (2) what effects, if any, of the defendant he has in his possession, and had when such writ was served; and (3) what other persons, if any, within his knowledge are indebted to the defendant, or have effects belonging to him in their possession. Article 280, Id., provides that the answer of the garnishee shall be under oath, in writing, and signed by him, and shall make true answer to the several matters inquired of in the writ of garnishment. While as to the first interrogatory, which article 274 provides the writ shall contain, there is a clerical error, which relieves the garnishee of the duty of answering the first interrogatory, the writ is in compliance with the requirements of the statute as to the remaining interrogatories, and is sufficient to require the garnishee to answer what effects of the defendant he has or had when the writ was served, and what other persons within his knowledge are indebted to the defendant, or have effects belonging to him; and an answer by the garnishee, responding to the last two questions, would entitle him to a discharge. Adams v. McCown, 15 Tex. 349.

[3] We think the court erred in refusing to permit the amendment of the writ in the particular pointed out by the motion to amend. As was said by Stayton, C. J., in Munzenheimer et al. v. Manhattan Cloak & Suit Co., 79 Tex. 318, 15 S. W. 389:

"Under the liberal rules as to amendment, even of writs of attachment, which have prevailed in this state, we are of opinion, however, that the court did not err, under the facts of this case, in permitting the writ to be amended as it was, and it may be that the levy should be given effect only from the time the writ was amended."

We do not mean to hold that the amendment of the writ in this case would relate back to the date of its service, but the effect of such amendment would be to impound only such funds belonging to the defendant Luse as the appellee had in his hands at the time of the amendment. Attachment and other like writs have frequently been amended upon motion, but the court should, in granting the motion, enter such order as will protect the defendant in the writ. Rule Mercantile Co. v. Opry, 163 S. W. 331; McDaniel v. Cage & Crow, 201 S. W. 1079; Porter v. Miller, 7 Tex. 468; Whittenberg v. Lloyd, 49 Tex. 633; Broyles v. Jerrells, 14 Tex. Civ. App. 374, 37 S. W. 377.

For the errors indicated, the judgment is reversed, and the cause remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes