ANDERSON et al. v. GRAND LODGE, UNITED BROTHERS OF FRIENDSHIP OF TEXAS. (No. 805.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 6, 1923.)

1. Insurance ⬅️784(1)—Change of beneficiary must comply with constitution and by-laws of benefit society.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, authorizing members of fraternal benefit societies to change the beneficiaries named in their certificates "in accordance with the laws, rules or regulations of the society," a change in beneficiary must be made in the manner prescribed by the constitution and by-laws, which, being binding on the member, are part of the contract between him and the society.

2. Insurance ⬅️784(4)—Attempted change of beneficiary by issuance of new certificate on affidavit as to loss of original held ineffectual.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, authorizing change of beneficiaries by members of fraternal benefit societies "in accordance with the laws, rules or regulations of the society," an attempted change of beneficiary by issuance of a new certificate, naming the member's estate instead of his wife as beneficiary, on affidavit that the original certificate was lost, without affidavits of the member and two witnesses that his wife had aban-

doned or failed or neglected to minister to him, as required by the by-laws of the society, was ineffectual and did not cancel the first certificate.

3. Insurance ⬅️770—New certificate naming member's estate as beneficiary held ineffective even if it revoked certificate naming his wife as beneficiary.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, prescribing who may be beneficiaries under fraternal benefit certificates and authorizing changes in beneficiaries, within such restrictions, in accordance with the laws, rules, and regulations of the society, a new certificate naming the member's estate, in place of his wife, as beneficiary contrary to such statute and the by-laws of the society, is ineffective to make the estate the beneficiary even if it completely revoked the first certificate.

4. Insurance ⬅️793—Residuary legatee under benefit society member's will held not entitled to benefits; "person."

Under by-laws of a fraternal benefit society requiring payment of benefits to the beneficiary named in the deceased member's certificate, to "persons" designated beneficiaries, in the order named, in the by-laws, or to the "person" designated by the member in his will, if a legal beneficiary, and designated in the order provided in the by-laws, one of several to whom a deceased member devised the balance of his estate after collection of all debts due him, including insurance, by his executors, and payment of debts, funeral expenses, and special bequests, was not entitled to the benefit fund; the estate, not a "person" belonging to the class designated in the by-laws, being the beneficiary named in the will.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

5. Insurance ⬅️775—Intention to designate beneficiary by will must be clearly expressed.

While a member of a fraternal benefit society may designate a beneficiary in his last will, where the constitution and by-laws prescribe no different method, such intention must be clearly expressed.

6. Insurance ⬅️784(5)—Member of fraternal benefit society held not entitled under by-laws to revoke certificate and name new beneficiary in will.

Under fraternal benefit society by-laws providing that the fund shall be paid "to such person as may be designated by a member in his or her last will," a member cannot revoke his certificate and name a new beneficiary in his will, such provision being applicable only where a legal beneficiary appointed as required by the by-laws in the first instance has predeceased the member and the latter makes no new designation by procuring the issuance of a new certificate.

7. Insurance ⬅️782—Wife, as first beneficiary named in by-laws, takes benefit fund, where certificate issued after cancellation of certificate naming her as beneficiary names no legal beneficiary.

Under fraternal benefit society by-laws providing for payment of deceased member's in-

surance money to the beneficiary named in his certificate or to persons designated beneficiaries in the constitution and by-laws in the order named, the wife, as the first beneficiary therein named, takes, though the member's certificate naming her as beneficiary is legally cancelled, where a new certificate names no legal beneficiary.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by Cora Anderson and husband against Grand Lodge, United Brothers of Friendship of Texas. Judgment for defendant, and plaintiffs appeal. Affirmed.

See, also, 223 S. W. 237.

M. H. Broyles, of Los Angeles, Cal., for appellants.

Meek & Kahn, of Houston, for appellee.

O'QUINN, J. In 1913, J. B. Bell procured a benefit certificate for the sum of $500 in the United Brothers of Friendship of Texas, a fraternal beneficiary corporation, incorporated under and by virtue of the laws of the state of Texas, in which V. N. A. Bell, his wife, was named as beneficiary. About August 1, 1917, Bell applied for a new certificate, making oath that his former certificate was lost, and requested that in the new certificate his estate be named as his beneficiary. A new certificate was issued, in which his estate was named as beneficiary. Bell died November 4, 1917. At the time of his death, he was a member in good standing in said fraternal benefit society. He left a will in which he directed that his executors should collect all debts owing to him, including his life insurance, and that after paying all his debts, funeral expenses, and certain bequests, the remainder of his estate should be paid to the plaintiff in error Cora Anderson, and others in equal shares. When Bell obtained the first certificate, in which his wife was named as beneficiary, he carried it home and locked it up with other papers in an iron safe, and it remained there until his death; but in obtaining his second certificate he made affidavit that it was lost. At the time of his death he and his wife were living together, and there is nothing in the record to disclose that any discord had ever occurred between them during the 17 years they thus lived. Plaintiff in error Cora Anderson was a sister of Bell. Bell's wife knew nothing of the second certificate until after the death of her husband. Plaintiff in error Cora Anderson, to whom the other residuary legatees in the will, his sisters, and nieces, had relinquished their claim, claimed the fund named in the second certificate on the ground that after all special bequests, debts, and expenses of the estate were paid, there remained considerable property, and as she and her said sisters and nieces were the residuary legatees in the will, they were entitled to the proceeds of said certificate as a residuary portion of the estate. The defendant in error declined to pay the money to either claimant, but after consulting with the attorney for claimant, V. N. A. Bell, and attorney for the executors of the will, and the attorney for the claimant, Cora Anderson and other residuary legatees in the will, who all agreed that the estate of Bell could not take the fund, the executors surrendered the certificate to defendant in error, and defendant in error then paid the benefit fund to V. N. A. Bell, the beneficiary in the first certificate, who receipted and surrendered same to defendant in error on October 31, 1918.

On April 1, 1919, this suit was filed by plaintiff in error Cora Anderson, joined by her husband, as the only claiming residuary legatee under the will of Bell, against defendant in error, to collect the sum of $500 claimed to be due them by virtue of said second certificate.

Defendant in error answered by general demurrer, and special demurrer to the effect that the petition alleged that the policy upon which plaintiffs in error sought to recover was payable to the estate of J. B. Bell, and that under the laws of the state of Texas, and the by-laws of defendant in error, the estate of Bell could not be made the beneficiary. It also answered by general denial and special plea, as follows:

"Further specially answering herein, this defendant shows that heretofore, long prior to the time mentioned in plaintiffs' petition, that the said J. B. Bell, as a matter of fact, was a member of one of its local lodges, and as such member designated and had issued a certificate, regular in form, wherein he designated and named therein his wife, V. Nora A. Bell, as his beneficiary; that said policy was issued to said member, J. B. Bell, on the 7th day of June, 1913, and accepted by him, and retained and kept in his possession; that thereafter, so defendant is informed, some time during the year 1917, as alleged by plaintiff, the said J. B. Bell, in some way, caused a policy or certificate to be delivered to him by this defendant order payable to his estate; that as a matter of law, as provided in the constitution and by-laws of the defendant order of which the said J. B. Bell was a member, such a certificate could not be issued, as well as under the laws of the state of Texas such a certificate could not be issued; that thereafter, after the death of said J. B. Bell, his wife, V. Nora A. Bell, sent to this defendant, with proper proof of death, the certificate it had issued to the said J. B. Bell in his lifetime, and on the date above written, and demanded payment thereof; that this defendant association took the matter up with the independent executor of the estate of said J. B. Bell, mentioned by the plaintiff; that this defendant and said executor took advice from lawyers in the city of Houston, said executor consulting with Judge A. R. Hamblen and Judge Streetman, so it is informed, and after said consultation and advice it has been advised that under the laws of the order, and under the laws of the state of Texas, that said certificate issued to

the estate of said J. B. Bell was absolutely void and without any authority; that said independent executor, representing the estate of said J. B. Bell, voluntarily surrendered said certificate to this defendant order and notified it that it had been informed that said certificate was void and issued without any authority in law, whereupon, and acting upon said advice from said administrator, who as stated before was independent executor of the estate of J. B. Bell, duly qualified and acting, and being fully empowered to bind said legatees of said Bell provided for in his will, this defendant order paid to the said V. Nora A. Bell the full sum of $500 on the certificate issued by it to her, this being the full and largest amount that could be paid by this defendant order to a beneficiary of any one member, and this defendant says that the certificate declared on in this cause was unauthorized and could not legally have been issued in the first instance, and second, that under all the facts and circumstances in this case, by reason of said independent executor conceding that said certificate was void and surrendering same back to the defendant, with the statement that they would not further prosecute any claim thereunder, that this defendant paid to the wife and widow of said J. B. Bell, as aforestated, said sum of $500, which said amount would not have been paid but for the statement and actions of said independent executor, and that by reason of the said statements and actions to this defendant that the plaintiff herein, claiming under the will of said Bell, as alleged by them, which also appointed and designated them independent executors, that they be estopped from asserting any claim whatever to said policy, and that neither have they shown in themselves any right to prosecute this suit for it shows that the said J. B. Bell left independent executors of his estate with full power to sue for and do any and all things necessary to be done, and these plaintiffs have no right whatever to further prosecute this suit, and this defendant here now prays the court, first, that on a final trial hereof, if the above demurrers are overruled, that it have judgment that the plaintiff take nothing by reason of this suit, and that it may go hence without day and recover all costs."

The case was tried before the court without a jury, and judgment rendered for defendant in error, to which plaintiffs in error excepted, and from which they have appealed.

The trial court held "that as a matter of law Bell, in attempting to make a change of beneficiary, did not comply with the laws of the order," and for that reason the attempted change was not, as a matter of law, of any force or effect, and plaintiffs in error, in their first assignment of error and proposition thereunder, challenge this holding, contending that—

"When a member of a fraternal beneficial society, desiring to effect a change of beneficiary, makes application for such change of beneficiary in the manner and form required by the regulations of such society, and the society, through its regularly and properly authorized officers, accepts such application, and thereupon issues to such member its new beneficial certificate, wherein is recorded by the society a newly designated beneficiary, such action on the part of the member and the society has the effect of completely revoking the former benefit certificate and putting at rest any claim whatever to benefits thereunder, whether the newly designated beneficiary comes within the statutory classes capable of taking or not."

The by-laws of the society are incorporated in and made a part of the contract of insurance. Section 2 of article 1 (Mutual Aid Department) of these by-laws provides:

"The object of this department shall be to combine male and female persons of sound bodily health, exemplary habits and good moral character, into a secret fraternal, beneficiary and benevolent order; provide funds for their relief; comfort the sick and cheer the unfortunate by attentive ministrations in times of sorrow and distress; promote fraternal love and unity; create a fund from which, on reasonable and satisfactory proof of death of a member who has complied with all the requirements of the order, there shall be paid to the person or persons named in the member's certificate of membership (which is here termed benefit certificate), as beneficiary or beneficiaries, such sum or sums of money as may be ascertained by the board of managers, under the provisions of article III, section 2, of these laws. The beneficiary or beneficiaries (except as stated in sections 3 to 8, inclusive of this article), shall be the wife, the husband, children and their descendants (adopted child or children), father or mother or brother (persons dependent upon a member for support), brothers, sisters and the children of the deceased brothers and deceased sisters. The name or names of the beneficiary or beneficiaries shall be written in every benefit certificate. However, these laws are subject to the statutory laws enacted by the Legislature of Texas."

Section 6, art. 1, provides:

"Sec. 6. A husband separated from his wife, but not divorced, may designate some one or more persons other than his wife, his beneficiary; provided, the beneficiary so designated to the exclusion of the wife shall be the child or children, if such there be. If there be no child or children, and he be aged or infirm, he may designate as his beneficiary the person or persons with whom he may reside or upon whom he may depend for support; should he be not aged or infirm, he will only be permitted to name as beneficiary, other than his wife, the beneficiaries named in section 2 of this article, and in the order therein named."

Section 7, art. 1, provides:

"Sec. 7. Where the wife is named beneficiary in the benefit certificate issued to the husband, and the wife shall thereafter abandon the husband, or the wife being in sound bodily health shall fail or neglect to care for or minister to the husband or the husband and family, and thereby the husband shall desire to designate another and different person as beneficiary, to the exclusion of the wife, he may do so by filing with the grand secretary his affidavit, accompanied by the affidavit of at least two credible witnesses, stating the fact of his being abandoned by his wife or of her failure

or neglect to care for, or minister to him, or to him and his family; and if the grand secretary shall be satisfied with such proof, upon the surrender to him of the certificate so issued, with the husband's request indorsed thereon, and stating the names of the new beneficiaries, who may be his children; if there be no child or children, and he be aged or infirm, the person or persons with whom he may reside, or upon whom he may depend for support, or the beneficiaries, other than his wife, named in section 2 of this article, and in the order therein named, and the payment of twenty-five cents to the grand secretary, he shall cancel said certificate so surrendered and shall issue in lieu of said certificate so surrendered and canceled, a new certificate in which shall be written the name of the new beneficiary. Said certificate shall be subject to all the conditions and grant to the member and to the beneficiaries therein named all the rights and privileges of the certificate so returned and cancelled. Said new certificate shall vacate and render null and void the certificate so returned. A record of the surrender and cancellation of said certificate and the issuance of one in lieu of same shall be made on the books of the board of this department."

Section 8, art. 1, provides:

"Section 8. If under the facts and circumstances stated in the last preceding section, the certificate shall be lost, or withheld from the husband, and he be not able to surrender the same for cancellation, as therein stated, he shall nevertheless have a new certificate issued as by said section provided, upon the member filing with the grand secretary the affidavits as by said section required, and in addition thereto, shall file with the grand secretary his affidavit which shall set forth the loss of said certificate, or the facts that the same is being withheld from his possession, with his application in writing, stating the facts and stating the name or names of the desired new beneficiary or beneficiaries, who shall be those as set forth in the last preceding section, and upon the payment of twenty-five cents the grand secretary shall issue in lieu of said certificate so lost or withheld, as the case may be, a new certificate in which shall be written the new beneficiary or beneficiaries. Said new certificate shall be subject to all the conditions and grant to the member and to the beneficiary therein named all the rights and privileges of the certificate so lost or withheld, and shall render null and void the certificate so lost or withheld. The record of the certificate on the books of the board of this department of the certificate so lost or withheld shall be canceled and the new certificate so issued be entered on the books of the board of this department."

Article 4832, Vernon's Sayles' Civil Statutes, is as follows:

"*Beneficiaries.*—The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; provided, that if after the issuance of the original certificate the member shall become dependent upon an in-corporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes."

Bell's application for a new certificate with change of beneficiary is as follows:

"Application for Change of Policy.

"No. 1. I, J. B. Bell, a member of Solomon Lodge No. 18 of the city of Houston, county of Harris, in the state of Texas, holding benefit certificate No. ——, payable at my death to V. N. A. Bell, desire to surrender the aforesaid certificate and pray that a new and different certificate be issued and I hereby designate to be the new beneficiary, J. B. Bell's estate, of Houston, county of Harris, state of Texas, who bears to me the relation of ——.

"[Signed]   J. B. Bell, Member Applying.

"Sworn to and subscribed before me, at Houston, Texas, this 27th day of July, A. D. 1917. [Signed]   J. F. Hardeway, Notary Public, Harris County."

"I certify on honor that the above request was made by the member whose name appears as an applicant and that the signature is that of said applicant. [Signed]   W. W. Ballard, Secretary of Solomon Lodge 18, Houston, Texas.   [Seal.]"

"No. 2.   Affidavit of Applicant.

"State of Texas, County of Harris:

"Before me, the aforesaid and undersigned authority, on this day personally came and appeared J. B. Bell, who after first being by me duly sworn, deposes and says that his name is J. B. Bell; that he is a member in financial standing on the books of Solomon Lodge No. 18 U. B. F.; that he is the insured under policy No. ——, and that the names of the beneficiaries under the said policy are V. N. A. Bell, and that the said policy No. —— has been misplaced, lost, or destroyed, and that this affiant, after due search, has been unable to find the said policy; that affiant is desirous of having a policy issued in lieu of the one above described, and all others that may be outstanding, and that this affidavit is made for the purpose of informing the United Brothers of Friendship of Texas of the fact that the said policy has been lost or destroyed, and for the purpose of inducing the United Brothers of Friendship of Texas to issue a policy on the life of this affiant in lieu of the one above described. It is the purpose of this affidavit to avoid the making of said United Brothers of Friendship liable under two separate policies on the life of this affiant.

"[Signed]   J. B. Bell, Member Applying.

"Sworn to and subscribed before me, at Houston, Texas, this 27th day of July, A. D. 1917. [Signed]   J. J. Hardeway, Notary Public.   [Seal.]"

Indorsement on margin: "August 1, 1917.

To W. L. Davis, Grand Secretary, U. B. F. and S. M. T. of Texas, Houston, Texas."

[1, 2] Plaintiffs in error's proposition, supra, is based upon the contention that the member "makes application for such change in the manner and form required by the regulations of such society." It is seen that the application falls far short of complying with the by-laws. The only provisions for a husband changing his beneficiary, when the certificate is payable to his wife, are found in sections 6, 7, and 8 of article 1 (Mutual Aid Department), supra. From them it is seen that a change in beneficiary can be made in two instances only: (1) Where the husband is separated from the wife, but not divorced (section 6); and (2) where the wife abandons the husband, or being in sound bodily health, shall fail or neglect to care for or minister to the husband and family (section 7). Where the facts mentioned in section 7, supra, exist, and the husband desires to change his beneficiary to the exclusion of the wife, he may do so by filing with the grand secretary his affidavit, accompanied by the affidavits of at least two credible witnesses, stating the fact of his being abandoned by his wife, or of her failure to care for or minister to him or to him and his family, whereupon, if the grand secretary is satisfied with such proof, upon the surrender to him of the certificate so issued, with the husband's request indorsed thereon, and stating the names of the new beneficiaries, a new certificate may be issued to him.

Section 8, art. 1, supra, provides that "if under the facts and circumstances stated in section 7, the certificate shall be lost or withheld from the husband, and he be not able to surrender same for cancellation," he may procure the issuance of a new certificate by filing with the grand secretary the affidavits required by section 7, and in addition his affidavit of the loss of his certificate, or the fact of its being withheld from him, with his application in writing stating facts, and stating the name or names of the new beneficiaries, who shall be those mentioned in said section 7, in which new certificate the name or names of the new beneficiaries shall be written.

Now, none of the facts existed to entitle Bell, under the by-laws, to change his beneficiary. His wife was not separated from, she had not abandoned, him; nor had she failed or neglected to minister to him—indeed, no such facts are even claimed to have existed, but in the face of the absence of such facts, and contrary to the by-laws governing such matters, and without even making affidavit himself of the fact of abandonment or lack of ministration by his wife, and without the affidavits of two witnesses to such facts, as required by section 7, supra, he simply makes affidavit that his certificate is lost (which is itself false), and that he

248 S.W.—30

wishes to receive a new certificate, naming his estate as a beneficiary, and thus procures the issuance of a new certificate purporting to cancel the first one and naming his estate as his beneficiary, in violation of article 4832, R. S., supra, which requires a change in beneficiary must be made in compliance with the laws, rules, and regulations of the society; and in violation of all the rules of the society, and in no wise complying with the by-laws regulating the issuance of a new certificate and the changing of his beneficiary. This he could not do in the manner attempted. The only restriction upon the power of the member to change his beneficiary at will is such as is found in the statutes of the state, and in the constitution and by-laws of the society. The change in beneficiary must be made in the manner prescribed by the by-laws, for the constitution and by-laws of a fraternal benefit society, being binding on the member, are properly considered as forming a part of the contract between the member and the society. The change must be made in the manner designated in such provisions, or it is void. Therefore we hold that Bell's right to revoke his former designation of beneficiary was governed by the statute and by-laws, and in doing so they must be complied with, and as they prescribed the regulations to be observed in making a change of beneficiary, and designated the persons who could be named as new beneficiaries, his right to name a new beneficiary was contingent upon a compliance with the requirements of the statute and by-laws, and that the attempt of Bell to change his beneficiary, as was done, was ineffectual and did not cancel the first certificate in which his wife was named beneficiary. Article 4832, Vernon's Sayles' Civil Statutes, §§ 7 and 8; article 1 (Mutual Aid Department), by-laws of society; Bacon on Benefit Societies, § 310c; Joyce on Insurance, § 753; 1 Cooley's Briefs on Law of Insurance, p. 803; 4 Cooley's Briefs on Law of Insurance, p. 3776; note 19 Am. St. Rep. 786–790; Grand Lodge v. Iselt (Tex. Civ. App.) 37 S. W. 377; Gray v. W. O. W., 47 Tex. Civ. App. 609, 106 S. W. 179 (writ denied); Flowers v. W. O. W., 40 Tex. Civ. App. 593, 90 S. W. 526; Sturges v. Sturges, 126 Ky. 80, 102 S. W. 884, 12 L. R. A. (N. S.) 1014; Association v. Brown (C. C.) 33 Fed. 11; Pettus v. Hendricks, 113 Va. 326, 74 S. E. 191; Elsey v. Odd Fellows Mutual Relief Ass'n, 142 Mass. 224, 7 N. E. 844.

In Bacon on Benefit Societies, § 310c, supra, the law is stated as follows:

"The question occurs as to the effect on the rights of the beneficiaries first designated by an attempted change of beneficiary which is incomplete, or where the change being effected by compliance with the required formalities and the issuance of a new certificate, is illegal because the second beneficiaries are not entitled to take. While it seems to be taken for granted

in the cases cited in the preceding sections that if the attempted change of beneficiary is not complete, the rights of the first beneficiaries are not affected, because the revocation is not made complete by the issuance of the new certificate, it is now settled that if for any reason the change of beneficiaries is invalid, the rights of the first beneficiary remain in force."

In 4 Cooley's Briefs on the Law of Insurance, p. 3776, supra, the rule is thus stated:

"If, however, the attempted change is invalid and ineffective for any reason, the rights of the original beneficiary are not affected, and the original designation remains in force."

[3] But plaintiffs in error insist that, if the manner in which the new certificate was issued was irregular, the defendant in error acting through its regular officers accepted the application for a new certificate, and issued same, and therefore it had the effect to completely revoke the first benefit certificate.

If this contention be conceded, in procuring the issuance of the new certificate, under the statutes of the state and the by-laws of the society, Bell would have had to name a new beneficiary, who under said statute and by-laws could not have been his estate. The member, at all times, in naming his beneficiary must make his selection from among those the statute and charter and by-laws of the society permit to receive the benefit. Article 4832, Vernon's Sayles' Civil Statutes; sections 2 and 7, art. 1 (Mutual Aid Department), by-laws; Lodge v. Iselt (Tex. Civ. App.) 37 S. W. 377. The statute (article 4832), and the by-laws of the society (sections 2 and 7, art. 1), prescribing who may be beneficiaries, their eligibility must be tested by these laws. Therefore, if the issuance of the second certificate had the effect to cancel the first, still if the estate of Bell could not be made the beneficiary thereunder, the certificate stood as if no beneficiary had been named. The interest acquired by a member is not one payable to himself or for his benefit. The money to be paid could never go to him or to his estate. Coleman v. Anderson, 98 Tex. 570, 86 S. W. 730.

[4] But plaintiffs in error contend that even if the designation of his estate as his beneficiary in the second certificate was invalid, nevertheless they would be entitled to take the benefit fund because Bell, in his will, named his sister, plaintiff in error, Cora Anderson, his residuary legatee, and that that was a sufficient designation of beneficiary.

We do not believe this contention should be sustained. Article 7, § 1 (Mutual Aid Department), of the by-laws of the defendant in error, provides:

"It shall be the duty of the board of managers to cause to be collected in assessments provided for in articles III and IV and to cause the total amount so collected to be paid to the benefi-

ciary or beneficiaries named in the benefit certificate of the deceased member, or to such persons as in this law are designated beneficiaries and in the order so named, or to such person as may be designated by the member in his or her last will; provided, the beneficiary so designated by last will, shall under these laws, be a legal beneficiary, and be designated in the order provided in section 2, art. 1, hereof, if any such survive him or her."

It is thus seen that the right to designate beneficiaries by will is granted to the insured, but the by-law plainly says that—

"The beneficiary so designated by last will shall, under these laws, be legal beneficiaries, and be designated in the order specified in section 2, art. 1, thereof, if any such survive him or her."

In his will, Bell did not say anything about a beneficiary in his certificate, but, to the contrary, directed his executors to "collect in all debts due me, including insurance on my life, and to dispose of any personal property that I may leave and apply the same to the payment of my indebtedness, including funeral expenses, and bequests herein made," and further willed:

"That all the balance of my estate, wheresoever located or whatever may be its nature, real, personal or mixed, I will and devise in equal portions to Julia Perry, Cora Anderson, Mae Etta Polk, Lilly D. Moore and Ruby Sapenter."

The by-law above set out (article 7, § 1) says the beneficiary named in the will must be a "person" and must belong to the class designated in the by-laws. It is perfectly plain that plaintiff in error was not named a beneficiary in the will. The only way in which she could receive any of the benefit fund under the will would be for the money to be paid into the estate, and then what, if any, was left after paying the debts, funeral expenses, and special bequests, to be paid to her as a residuary legatee. This cannot be done, for to do so would be to ignore the plain statute of the state (article 4832) and the by-laws of the society.

[5] Furthermore, while a designation of a beneficiary may be made by a member in his last will where the constitution and by-laws do not prescribe a different method (3 Enc. of Law [2d Ed.] 996), the intention to exercise the power of appointment in this manner must be clearly expressed, and the proceeds of the certificate have been held not to pass under a mere residuary clause in the will. 3 Enc. of Law (2d Ed.) 996; Greeno v. Greeno, 23 Hun, 478. Cooley, in his excellent work, Briefs on the Law of Insurance (volume 1, p. 819), says:

"Though it was held in Weil v. Trafford, 3 Tenn. Ch. 108, that the naming of a person as a residuary legatee is a sufficient designation, the weight of authority is that a general bequest by residuary clause is not sufficient."

[6] Moreover, it is thought that the provision in article 7, § 1, of the by-laws of defendant in error, supra, wherein it is provided that the fund shall be paid 'to '' * * * or to such person as may be designated by the member in his or her last will, * * *" is intended to apply, and to give the power to designate a beneficiary by will, only where a legal beneficiary has been appointed as required by the by-laws in the first instance, and said beneficiary has predeceased the member, and the member has not made a new designation by procuring the issuance of a new certificate, but permits the old certificate to remain in force, and then directs in his will who shall be his beneficiary. In other words, under the language of the by-laws of defendant in error, we do not believe a member can, by designation in his will, revoke his first certificate and name a new beneficiary to supplant the one before legally appointed. The by-laws governing and prescribing the manner of obtaining a new certificate and naming a new beneficiary are exclusive, and no other method may be employed by the member. Article 4832, Vernon's Sayles' Civil Statutes; Flowers v. W. O. W., 40 Tex. Civ. App. 593, 90 S. W. 526; Gray v. W. O. W., 47 Tex. Civ. App. 609, 106 S. W. 179 (writ denied); Wooden v. Wooden (Tex. Civ. App.) 116 S. W. 629; Phillips v. Phillips (Tex. Civ. App.) 226 S. W. 480.

[7] However, if the first certificate was legally canceled, the second certificate not naming a legal beneficiary, the fund must be paid to the beneficiary named in the by-laws (section 2, art. 1, and section 1, art. 7, Mutual Aid Department), and in the order therein named, which names the wife first, and hence she would take. Harris v. Harris, 44 Tex. Civ. App. 152, 97 S. W. 504; Grand Lodge, Colored Knights of Pythias, v. Mackey (Tex. Civ. App.) 104 S. W. 906; Appleby v. Grand Lodge, Sons of Herman (Tex. Civ. App.) 225 S. W. 588. The by-laws of the society (article 7, § 1), provides that the insurance money on the death of a member shall be paid to the beneficiary or beneficiaries named in the benefit certificate of a deceased member, or to such persons as in the constitution and by-laws of the order (article 1, § 2) are designated beneficiaries, and in the order named. In said by-laws the wife is named first, so that if the issuance of the second certificate could be held to have revoked the first, the second, being without any legal beneficiary, would stand as if no beneficiary had been named in the first instance, and hence the fund would go to the person or persons designated as beneficiaries in the by-laws, and in the order therein named, and as the wife is named first, she would, under the law, take the benefit. Grand Lodge v. Mackey (Tex. Civ. App.) 104 S. W. 907. Furthermore the by-laws do not make any provision as to the disposition of the benefit fund where an ineligible beneficiary has been designated. So the fund being payable only to a certain class (article 7, § 1), the by-laws must be looked to in order to determine to whom the fund goes, and it must be paid to the beneficiaries permitted in the by-laws and in the order therein named, and as the wife is there name first, she would take.

The judgment below being proper under the law and the facts, it is in all things affirmed.